UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN FRANK MEYN,<br><br>          Petitioner,<br><br>   v.<br><br>NAPA COUNTY DISTRICT ATTORNEY,<br><br>          Respondent. | Case No. 25-cv-06912-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner Jasen Frank Meyn was ordered to show cause why his 28 U.S.C. § 2254 habeas petition should not be dismissed because he is not in custody within the meaning of section 2254. (Dkt. No. 6.) He has filed a response to the Order. (Dkt. Nos. 7 and 8.) Meyn has not shown that he is in custody within the meaning of section 2254. Consequently, this federal habeas action is DISMISSED.

Meyn challenges the 2010 California state convictions he received in the Napa County Superior Court. (Pet., Dkt. No. 1 at 2) In the Order to Show Cause, I stated that I may not have jurisdiction over his petition because he is not in custody. Meyn admits he is not in custody (*id.*); the four-year sentence that was imposed in 2010 has long since expired; and there is nothing indicating he is under conditions of parole or is otherwise subject to court supervision.[1]

The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be

---

[1] *See People v. Meyn*, No. A129362, 2012 WL 135701, at *1 (Cal. Ct. App. Jan. 18, 2012).

in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Meyn asserts in his response that the collateral consequences he suffers as a result of the conviction — housing and employment discrimination because he is a felon; inability to own a firearm; having to register as an arsonist; being labelled a felon in "global databases" might restrict his ability to travel internationally — render him in custody. (Response to OSC, Dkt. No. 7 at 2-5.) He cites various cases in support. (*Id.* at 2, 4-5.)

Meyn discusses in particular two bedrock custody cases, *Carafas* and *Maleng*, both of which were cited in the Order to Show Cause. He asserts that "[t]he 'in custody' requirement of *Maleng v. Cook* bars habeas for expired sentences unless tied to current custody (e.g., enhancements), but *Carafas v. LaValee* allows jurisdiction if collateral consequences persist (e.g., civil disabilities)." (Response to OSC, Dkt. No. 7 at 2.) He states that "*Maleng* does not negate *Carafas* entirely; it coexists, allowing collateral consequences to preserve jurisdiction only if tied to a 'current custodial status.' " (*Id.* at 2.)

Meyn misreads *Maleng*. The Court there clarified that the petitioner in *Carafas* satisfied the custody requirement because he "filed his habeas application while he was actually incarcerated under the sentence he sought to attack," and not because of any collateral consequences. *Maleng*, 490 U.S. at 491. That is not Meyn's situation.

The other cases Meyn cites are not persuasive either. One, *Jones v. Cunningham*, 371 U.S. 236 (1963), predates *Carafas* and *Maleng*. The petitioner there was on parole at the time he filed his habeas action, and therefore satisfied the custody requirement. *Jones* at 243. Another, *Hensley v. Municipal Court*, 411 U.S. 345 (1973), also predates *Maleng*.

2

There, the petitioner, who had been released on his own recognizance pending execution of his sentence, satisfied the custody requirement because he was subject to court supervision. "He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense." *Id.* at 351. Another, *United States v. Morgan*, 346 U.S. 502 (1954), predates both *Carafas* and *Maleng*. *Morgan* relates to challenging a <u>federal</u> conviction and sentence through the writ of corum nobis, and is not relevant to whether Meyn is in custody for his state conviction challenged through a habeas corpus petition filed under 28 U.S.C. § 2254. *Morgan*, 346 U.S. at 505.

A lack of custody at the time of filing cannot be cured by even the most grievous collateral consequences (including annual sex-offender registration and the possibility that an expired conviction might be used to enhance a future one) stemming from the conviction under attack because the court is without subject matter jurisdiction. *See Alaska v. Wright*, 593 U.S. 152, 154 (2021) (rejecting the notion that a habeas petitioner is "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."); *Resendiz v. Kovensky*, 416 F.3d 952, 958-59 (9th Cir. 2005) (California law requiring convicted narcotics offenders to register with state authorities is not a restraint on physical liberty so severe as to constitute custody); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law that requires convicted sex offenders to annually register with state authorities does not constitute severe, immediate restraint on physical liberty sufficient to constitute custody); *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (Washington law which requires convicted sex offenders to register with state authorities does not amount to custody where there is no significant restraint on registrant's physical liberty and there is "mere potential" for future incarceration).

Meyn is not "in custody" within the meaning of 28 U.S.C. § 2254. I therefore lack jurisdiction over this action. Accordingly, this federal habeas action is DISMISSED. The

1  Clerk shall enter judgment in favor of respondent and close the file.

2  A certificate of appealability will not issue. Petitioner has not shown "that jurists of
3  reason would find it debatable whether the petition states a valid claim of the denial of a
4  constitutional right and that jurists of reason would find it debatable whether the district
5  court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6  The filing fee has been paid. (Dkt. No. 1.)

7  **IT IS SO ORDERED.**

8  **Dated:**  October 29, 2025



WILLIAM H. ORRICK
United States District Judge